UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Wallace, #134895, | ) C/A No. 3:07-271-HMH-JRM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| South Carolina Dept. of Corrections;<br>David Tatarsky, General Counsel;<br>Warden George Hagan;<br>Assoc. Warden Arthur Jordan;<br>Assoc. Warden John Pate;<br>Inmate Grievance Coordinator Ken Long; and<br>Any and all other SCDC Employees as may<br>be applicable, | ) |
| Respondents. | ) |

The plaintiff, Michael Wallace (hereinafter Plaintiff), proceeding *pro se*,[1] has filed a document titled "Application for Temporary Restraining Order and for Expedited Hearing Pursuant to Rule 65(b) of the Fed. R. Civ. P.", which has been construed as a complaint.[2] Plaintiff is an inmate at Allendale Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC and SCDC employees as defendants.[3] Plaintiff

---

[1]Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Plaintiff did not file a separate complaint with his motion for a temporary restraining order.

[3]Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

claims the defendants are retaliating against him for filing complaints and grievances. Plaintiff seeks relief "in the form of a temporary restraining order." Complaint at 5. The relief requested should be denied and this action should be dismissed.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff requests a temporary restraining order. A temporary restraining order can be granted under Rule 65(b) only if "it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1). A temporary restraining order is "not to exceed ten days," and may be extended by the court only "for a like period." Id. In general, the purpose of a temporary restraining order is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction. *See* 7 Pt. 2 Moore's Federal

Practice and Procedure ¶ 65.05 (1989).  A preliminary injunction may be issued only after a hearing and restrains a party until the merits of a case can be decided.  As the Supreme Court has made clear:

> *Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, *cf.* Carroll v. President and Commissioners of Princess Anne, 393 U.S. 175, [180] (1968), but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974).  The Plaintiff presents his claims only as an "Application for Temporary Restraining Order," but without a complaint and preliminary injunction, a temporary restraining order would serve no purpose.  A ten or twenty day injunction without an underlying cause of action would be useless in this case.  So, the document filed by Plaintiff was liberally construed to be a complaint and request for a preliminary injunction.  The only relief requested is temporary injunctive relief.

In determining whether to grant injunctive relief prior to trial, a court must consider four factors:

(a) The plaintiff's likelihood of success in the underlying dispute between the parties;
(b) whether the plaintiff will suffer irreparable injury if the injunction is not issued;
(c) the injury to the defendant if the injunction is issued; and
(d) the public interest.

Scotts Company v. United Industries Corporation, 315 F.3d 264, 271 (4th Cir.2002) (citing Blackwelder Furniture Co. V. Seilig Manufacturing Co., 550 F.2d 189, 193-95 (1977)).  The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood

of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. Id. (*citing* Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 859 (4th Cir. 2001); Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir.1991)).

> If the balance of the hardships "tips decidedly in favor of the plaintiff," Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir.1991)(internal quotation marks omitted), then typically it will "be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation," Blackwelder, 550 F.2d at 195 (internal quotation marks omitted). But if the balance of hardships is substantially equal as between the plaintiff and defendant, then "the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success." Direx, 952 F.2d at 808 (internal quotation marks omitted).

Scotts, 315 F.3d at *271*(footnote omitted).

Plaintiff has not made a strong showing that he will suffer irreparable injury if the temporary restraining order is not issued. Plaintiff states he fears "immediate reprisals in the form of unwarranted shakedowns, fabricated disciplinary charges, loss of his job in the Law Library, unwarranted confiscation of personal property, and the unwarranted transferal to another Institution." Application at 1. The concerns raised by Plaintiff are common issues brought in civil rights actions under 42 U.S.C. § 1983. Plaintiff's concerns dealing with "shakedowns," disciplinary charges, and confiscation of personal property could raise issues of constitutional significance, appropriate for a civil rights action under § 1983, while employment and institutional transfers do not raise constitutional issues, so would not be appropriate for § 1983. Each of the circumstances envisioned by Plaintiff, however, involve prison conditions that should be addressed through administrative remedies prior to seeking relief in federal court. See 42 U.S.C. § 1997e(a). In the "Application for Temporary Restraining Order," Plaintiff does not explain how any injury in these circumstances would

be irreparable. Without irreparable injury to Plaintiff, the Court cannot balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. Plaintiff's "Application" fails to show Plaintiff is entitled to the extraordinary *ex parte* relief of a temporary restraining order or preliminary injunctive relief. Plaintiff's "Application for Temporary Restraining Order" construed as a Complaint with request for preliminary injunctive relief should be dismissed because Plaintiff is not entitled to the relief requested.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                                    Respectfully Submitted,

                                    s/Joseph R. McCrorey
                                    United States Magistrate Judge

February 22, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).