IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael Wallace, #134895, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:07-271-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| South Carolina Dept. of Corrections; | ) | |
| David Tatarsky, General Counsel; | ) | |
| Warden George Hagan; | ) | |
| Assoc. Warden Arthur Jordan; | ) | |
| Assoc. Warden John Pate; | ) | |
| Inmate Grievance Coordinator Ken Long; | ) | |
| Any and All Other SCDC Employees as | ) | |
| May be Applicable | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1) (West

Supp. 2006) and Local Civil Rule 73.02 of the District of South Carolina.  Michael Wallace

("Wallace"), a state prisoner proceeding pro se, originally sought an "application for

temporary restraining order and for expedited hearing pursuant to Rule 65 (B) [sic] of the

Fed. R.Civ.P."  Magistrate Judge McCrorey liberally construed this document as a complaint

and request for a preliminary injunction.  In his Report and Recommendation, Magistrate

Judge McCrorey recommends dismissing the case without prejudice and without issuance and

service of process because Wallace did not exhaust his administrative remedies and did not

explain how any of his allegations would result in irreparable injury.

Wallace filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Wallace's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Wallace objects to the Magistrate Judge's recommendation that his case be dismissed and argues that the proper course of action should be to allow him an opportunity to file an amended complaint. In addition, Wallace filed a motion to amend his complaint on March 21, 2007,[1] and Wallace attached a proposed amended complaint to his motion.

The court has thoroughly reviewed Wallace's proposed amended complaint. Construing Wallace's proposed amended complaint liberally, the court finds that granting Wallace's motion to amend would be futile. See In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). In his proposed amended complaint, Wallace changes the relief sought to actual damages, punitive damages, and the prosecution of "all 3 Defendants." (Proposed Am.

---

[1]See Houston v. Lack, 487 U.S. 266 (1988).

Compl. 4.)  However, Wallace makes the same factual allegations raised in his initial

complaint.  Therefore, consideration of Wallace's proposed amended complaint does not alter

Magistrate Judge McCrorey's finding that "[e]ach of the circumstances envisioned by Plaintiff

. . . involve prison conditions that should be addressed through administrative remedies prior

to seeking relief in federal court."  (Report and Recommendation 5.)  Based on the foregoing,

after a thorough review of the Magistrate Judge's Report and the record in this case, the court

adopts Magistrate Judge McCrorey's Report and Recommendation.

Therefore, it is

**ORDERED** that Wallace's motion to amend complaint, docket number 11, is denied.

It is further

**ORDERED** that Wallace's case is dismissed without prejudice and without issuance

and service of process.

**IT IS SO ORDERED**.


s\Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 29, 2007


### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.